UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. HEALTHCONNECT, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ELIZABETH GEORGESCU, <br><br> Defendant. | Case No. 14-cv-04250-HSG <br><br> **ORDER TO SHOW CAUSE** |

Plaintiffs US Healthconnect, Inc. and ReachMD, Inc. filed a complaint against Defendant Elizabeth Georgescu on September 19, 2014. Without prior notice to the Court of any settlement agreement, Plaintiffs filed a "Motion to Enforce Settlement Agreement" on June 2, 2015. These filings reveal numerous issues that need to be addressed. Plaintiffs are directed to file a single memorandum not exceeding twelve pages in length and allotting no more than four pages to any of the following four issues by July 31, 2015.

 First, Plaintiffs allege that this Court has personal jurisdiction over Defendant Georgescu based on the Defendant's agreement to terms of use imposed by YouTube—a non-party. Complaint ¶ 10. Plaintiffs are directed to show cause as to why this case should not be dismissed for lack of personal jurisdiction. Plaintiffs should specifically address why the Court has personal jurisdiction over the Defendant and the scope of the Court's authority to dismiss sua sponte for lack of personal jurisdiction.

Second, Plaintiffs allege that venue here is appropriate under 28 U.S.C. § 1391(b)(2), but allege no facts supporting that assertion. Complaint ¶¶ 10, 11-16. Plaintiffs are directed to show cause as to why this case should not be dismissed for improper venue. Plaintiffs should specifically address why venue is appropriate and the scope of the Court's authority to dismiss sua

sponte for improper venue.

Third, Plaintiffs move to enforce a settlement agreement. Dkt. No. 22. Plaintiffs are directed to show cause as to why the Court currently has subject matter jurisdiction over this purported settlement agreement in light of *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ("Enforcement of [a] settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.") and *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963 (9th Cir. 2014) ("Federal courts have no inherent power to enforce settlement agreements entered into by parties litigating before them."). Plaintiffs should not rely, as they did in their motion, on pre-*Kokkonen* authority, and should specifically identify any relevant Ninth Circuit authority.

Fourth, in their motion to enforce the settlement agreement, Plaintiffs ask the Court to order non-parties to this action or settlement agreement, Google, Inc. and YouTube, to take actions in furtherance of the Parties' settlement agreement. Plaintiffs are directed to cite Ninth Circuit authority establishing the Court's authority to order a company to act based on a settlement agreement to which it is not a party.

Finally, the hearing scheduled for July 23, 2015 is hereby VACATED.

**IT IS SO ORDERED.**

Dated: July 17, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge